**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SCOTT HACKWORTH,**

  **Plaintiff,**

  v.

           Civil Action 2:18-cv-1521
          Chief Judge Algenon L. Marbley
          Magistrate Judge Jolson

**DEPUTY M. WIENER, et al.,**

  **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Undersigned on Defendant Major Mychal Turner's Motion for Summary Judgment. (Doc. 21). For the reasons that follow, it is **RECOMMENDED** that Deputy Wiener be **DISMISSED** for lack of service, Defendant's Motion be **GRANTED**, and Plaintiff's case be **DISMISSED**.

 **I.**  **BACKGROUND**

Plaintiff, a pro se prisoner, has brought this case against "Deputy M. Wiener" and Major Mychal Turner for alleged deliberate indifference and failure to protect. (Doc. 1-2). Plaintiff makes substantive allegations against only Deputy Wiener. (*See generally id.*). But according to Defendant Major Turner's sworn affidavit, who has worked at Franklin County Correction Center ("FCCC") since 1989, "there has never been a deputy by the name of "M. Wiener[.]" (Doc. 21-1, ¶ 4). So Plaintiff could not serve anyone by that name. (*See* Doc. 11).

Plaintiff alleges that, in late October 2018, inmates in his housing pod attacked him twice—and that after the first attack, he told Deputy Wiener he feared for his life and asked to be moved to another pod. (*See* Doc. 1-2, ¶ 8–10). But Deputy Wiener did not immediately transfer Plaintiff,

and a few hours later, Plaintiff was allegedly attacked again. (*Id.*, ¶ 10). In his Complaint, Plaintiff asserts that African American inmates targeted him because he is white. (*See id.*, ¶ 17). But at his deposition, Plaintiff unequivocally testified that his attack had nothing to do with race. (Doc. 22, 47:5–22). Rather, Plaintiff believes that he was attacked because the inmates in his pod learned he had been indicted for rape. (*Id.*). Plaintiff alleges that he "suffers from severe headaches, impaired vision, impaired hearing, difficulty breathing and bruised/broke ribs" because of the attack. (Doc. 1-2, ¶ 15). He seeks monetary damages against Defendant in both his individual and professional capacities, as well as "long term medical care." (*Id*. at 4).

Defendant has moved for summary judgment. (Doc. 21). The Undersigned has, on multiple occasions, afforded Plaintiff additional time to respond. (*See* Docs. 23, 25, 27). But Plaintiff has not filed a substantive response. Rather, after being granted numerous extensions, Plaintiff sent the Court a letter on March 2, 2020, representing that he "ha[s] no evidence to prove what happened," and that without counsel, he "ha[s] no way to effectively answer Defendant Major Turner[s] motion for summary judgment at this time." (Doc. 26 at 1). But Plaintiff's status as a prisoner proceeding *in forma pauperis* does not automatically entitle him to court-appointed counsel." *Ouellette v. Hills*, No. 15-CV-11604, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016). Rather, "exceptional circumstances" must exist to justify the appointment of counsel. *See id*. (quotation marks and citation omitted). Here, the "the factual and legal issues involved" are not "particularly complex," and consequently, exceptional circumstances do not warrant appointing Plaintiff counsel. *See id*. And because Plaintiff has failed to set forth any evidence or argument opposing summary judgment, Defendant's Motion is unopposed and ripe for consideration.

## II.     FAILURE TO SERVE DEFENDANT DEPUTY M. WIENER

Up front, the Court must address that Defendant Deputy M. Wiener has not been served. Under Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff was required to serve Deputy Wiener within 90 days of filing his Complaint. And because he did not do so, "the court—on its own—. . . must dismiss the claims against the unserved defendant unless plaintiff has shown good cause for the failure to timely serve." *McCain v. Voorhies*, No. 1:09-CV-444, 2012 WL 1574796, at *5 (S.D. Ohio May 3, 2012), *report and recommendation adopted*, No. 1:09CV444, 2012 WL 1902301 (S.D. Ohio May 25, 2012) (citing Fed. R. Civ. P. 4(m)). Plaintiff has failed to set forth good cause here. Indeed, Plaintiff received notice of his failure to serve Deputy M. Wiener over one year ago when the Clerk mailed Plaintiff a copy of the summons returned unexecuted as to Deputy M. Wiener. (*See* Doc. 11). At that point, Plaintiff should have, through discovery, identified the deputy involved in the alleged events and sought leave to amend his pleadings accordingly. And he could have requested an extension to allow him to do so. *See, e.g.*, *VanDiver v. Martin*, 304 F. Supp. 2d 934, 942 (E.D. Mich. 2004) (footnote omitted) ("The court finds that Plaintiff is at fault for not ensuring that Defendants [ ] were served. Plaintiff remained silent after being put on notice that these Defendants had not been served. Furthermore, he has provided no evidence that he took any steps to ensure that the Marshal had served Defendants [ ].").

But Plaintiff did not take reasonable steps to ascertain the correct identity of the deputy allegedly involved in this case. Consequently, he has not shown good cause for his failure to serve Deputy Wiener. It is, therefore, **RECOMMENDED** that Plaintiff's claims against Deputy Wiener be **DISMISSED**. *See, e.g.*, *VanDiver*, 304 F. Supp. 2d at 943 (adopting magistrate judge's recommendation that defendant be dismissed where pro se prisoner failed to take "reasonable steps to follow up after learning that the summonses were returned unexecuted").

### III. MOTION FOR SUMMARY JUDGMENT AGAINST MAJOR TURNER

The Undersigned turns now to Plaintiff's Motion for Summary Judgment against Defendant Major Turner. (Doc. 21).

#### A. Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). When the moving party has carried this burden, the nonmoving party must then set forth specific facts showing that there is a genuine issue for trial. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009).

When a motion for summary judgment is unopposed, as is the case here, the court must "intelligently and carefully review the legitimacy of such unresponded-to motion" and may not "blithely accept the conclusions argued in the motion." *Guarino v. Brookfield Tp. Tr.*, 980 F.2d 399, 407 (6th Cir. 1992). At the same time, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to identify a genuine issue of material fact. *Id*. at 405.

#### B. Discussion

Defendant Turner identifies two issues fatal to Plaintiff's case—one procedural and the other substantive. To begin, Plaintiff has failed to exhaust his administrative remedies and, as a result, his case is not properly before the Undersigned. His case must be dismissed for that reason alone. But it is also worth noting that Plaintiff's case fails on the merits. Indeed, his Complaint

4

fails to so much as mention Defendant Turner, and there is no evidence in the record that Defendant was involved in the alleged events. Defendant Turner is entitled to summary judgment for both reasons.

### *1. Exhaustion*

"Exhaustion of administrative remedies 'is mandatory under the [Prison Litigation Reform Act ("PLRA")] and . . . unexhausted claims cannot be brought in court.'" *Murray v. Ohio Dep't of Corr.*, No. 1:14-CV-168, 2019 WL 485214, at *13 (S.D. Ohio Feb. 7, 2019) (quoting *Jones v. Bock*, 549 U.S. 199, 211 (2007)). Relevant here, the "'PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Murray*, 2019 WL 485214, at *13 (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

"Failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be proved by the defendant." *Anderson v. Shelby Cty. Gov't*, No. 03-2650-P, 2009 WL 3241676, at *5 (W.D. Tenn. Sept. 30, 2009) (citing *Jones*, 549 U.S. at 212). "Once Defendant[] puts forth evidence of [his] affirmative defense of failure to exhaust administrative remedies, Plaintiff [is] required to present 'significant probative evidence' to defeat the motion for summary judgment." *Pullen v. Combs*, No. 1:17CV255, 2020 WL 1451564, at *1 (S.D. Ohio Mar. 25, 2020) (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)).

The exhaustion issue in this case is simple. Plaintiff admits he did not exhaust his administrative remedies. And the record confirms this. Under the first step of Ohio's three-step prison grievance procedure, Plaintiff should have filed an informal complaint (a "call card"). *See* Ohio Admin. Code § 5120-9-31(K)(1). Plaintiff, despite testifying that he received and read the inmate handbook and that call cards were available, (Doc. 22, 29:19–30:7), admitted that he did

5

not file an informal complaint, (*id.*, 22:20–23 ("Q. So you never submitted a call card . . . A. No.")). Defendant Turner's affidavit confirms Plaintiff's testimony. (Doc. 21-1, ¶ 9 (swearing that Plaintiff never submitted a call card or grievance)). The PLRA bars Plaintiff's case as a result.

Plaintiff's testimony that he does not "know anything about law," (Doc. 22, 23:4–5), does not change the PLRA's application here. Courts have been clear that "'[a] plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy.'" *Bridgmon v. Biery*, No. 3:10-CV-02735, 2011 WL 6415530, at *3 (N.D. Ohio Dec. 21, 2011) (quoting *Napier*, 636 F.3d at 221 n.2). This is so because permitting Plaintiff to bypass the PLRA's exhaustion requirement "would defeat" its statutory purpose: "'to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court.'" *Bridgmon*, 2011 WL 6415530, at *3 (quoting *Napier*, 636 F.3d at 222).

In sum, Plaintiff indisputably failed to exhaust, and Defendant is entitled to summary judgment. *See, e.g.*, *Bridgmon*, 2011 WL 6415530, at *3 (granting defendant summary judgment where plaintiff admitted that he did not attempt to utilize the institution's grievance system).

### 2. *Personal Involvement*

A brief word on the merits. "[T]he Sixth Circuit requires some sort of direct involvement, whether through encouragement, participation, or at the very least knowing acquiescence, in order to impose liability under § 1983." *Lupo v. Voinovich*, 235 F. Supp. 2d 782, 793 (S.D. Ohio 2002) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Importantly, "[s]upervisory liability cannot be imposed in a Section 1983 action based on a theory of *respondeat superior* without proof of personal involvement." *Dillingham v. Millsaps*, 809 F. Supp. 2d 820, 844 (E.D. Tenn. 2011) (citing *Taylor v. Mich. Dept' of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995)). Rather, to establish supervisory liability, "there must be a showing that the supervisor encouraged the specific

6

incident of misconduct or in some way directly participated in it." *Rayburn v. Blue*, 154 F. Supp. 3d 523, 531 (W.D. Ky. 2015) (quotation marks, citations, and alterations omitted). In other words, "[l]iability of supervisory personnel must be based on more than merely the right to control employees" and cannot be based upon a mere failure to act." *Id*. (quotation marks, citation, and alteration omitted).

Plaintiff has failed to satisfy this basic requirement. Indeed, Defendant Turner's name is found nowhere in Plaintiff's Complaint. (*See* Doc. 1-2.). Nor is there evidence of his involvement in the alleged events. This makes sense given that Plaintiff testified that he has never interacted with Defendant Turner. (Doc. 22, 30:17–22 (testifying that he named Turner as a Defendant simply because the inmate who helped him draft his pleading suggested "send[ing] it to the person who is in charge of the place")). The law does not allow this. *See, e.g.*, *Lupo*, 235 F. Supp. 2d at 793 (noting that, even if the court were to "infer[] . . . personal involvement based solely on [defendant's] position of authority, . . . such an inference . . . would be tantamount to imposing the very sort of *respondeat superior* liability expressly rejected by the case law interpreting § 1983"). Defendant Turner is entitled to summary judgment for this additional reason.

## IV. CONCLUSION

For the foregoing reasons, it is it is **RECOMMENDED** that Deputy Wiener be **DISMISSED** for lack of service, Defendant's Motion be **GRANTED**, and Plaintiff's case be **DISMISSED**.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those

7

portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  May 6, 2020  /s/ Kimberly A. Jolson  
　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON  
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE